```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

BRIAN H. HARRISON,               :

    Plaintiff,                  :

vs.                              :    CIVIL ACTION 06-0359-WS-M

GRANTT CULLIVER, et al.,         :

    Defendants.                 :


<u>REPORT AND RECOMMENDATION</u>

This action is before the Court on Plaintiff's "Motion for Temporary Restraining Order and/or Preliminary Injunction in Affidavit Form" ("motion") (Doc. 3), which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons stated below, it is recommended Plaintiff's Motion be denied.

I.  <u>Plaintiff's Motion (Doc. 3)</u>.

Plaintiff seeks an Order from the Court prohibiting Defendants from retaliating against him by "transferring him to another institution for any reason without written consent" and by removing him from the faith-based dorm. Plaintiff asserts that if an inmate speaks out against non-Defendants Summers and Powers' management of the faith-based dorm, he is threatened with transfer to another dorm, institution, or lock-up. When Plaintiff did speak out in the past, he was "punished for attempting to invoke his constitutional rights." In support of

his assertion, Plaintiff refers the Court to Exhibit A, but this exhibit was not attached to the motion. Nonetheless, Plaintiff does state that in the past, he was punished by the non-Defendants and dorm inmates in retaliation. However, he does not connect this alleged incident of retaliation to Defendants named in the Complaint.

Furthermore, Plaintiff avers that Defendant Patterson threatened him with a transfer to another institution if Plaintiff filed this action's Complaint or, if the transfer could not be accomplished, he would have Plaintiff transferred to lock-up.

II. Discussion.

In order for Plaintiff to prevail on a request for injunctive relief, he must show:

> (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to public interest. "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." (Citations omitted.)

*Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). It is mandatory the movant convince the court that *all* four factors are satisfied. *United States v. Jefferson County*, 720

F.2d 1511, 1519 (11th Cir. 1983) (finding a preliminary injunction was properly denied when movant failed to established one factor because movant bore burden of persuasion on each of the four factors); *United States v. Lambert,* 695 F.2d 536, 540 (11th Cir. 1983) (same).

Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams,* 808 F.2d 815, 821 (11th Cir. 1987); *Sullivan v. Division of Elections*, 718 F.2d 363, 365 (11th Cir. 1983). Further, a temporary restraining order is a drastic remedy used primarily for maintaining the *status quo* of the parties. *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981); *Cate v. Oldham,* 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).

In the present motion, Plaintiff has failed to meet his burden of persuasion that he will suffer an imminent, irreparable injury if injunctive relief does not issue. Plaintiff has not shown that his transfer is imminent. That is, no facts are offered by Plaintiff indicating a Defendant is causing him to be subject to a transfer that is imminent and the transfer is an irreparable injury.

Courts have declined to issue injunctive relief when an inmate complains that prospective action may be taken against him

3

in retaliation for filing a lawsuit and offers no evidence to show a real, immediate, and irreparable harm. *Trobaugh v. Hawk,* 221 F.3d 1344, 2000 WL 816262, at *1 (8th Cir. June 26, 2000) (denied preliminary injunctive relief because inmate failed to show a real and immediate threat of transfer for filing his action) (unpublished), *cert. denied*, 531 U.S. 936, 121 S.Ct. 324, 148 L.Ed.2d 261 (2000); *Goff v. Harper,* 60 F.3d 518, 521 (8th Cir. 1998)(finding the mere possibility the defendant could be a disciplinary hearing officer again during the pendency of the lawsuit and retaliate against plaintiff for the pending lawsuit to be too remote and too speculative to support the requisite threat of irreparable harm for a preliminary injunction); *Adams v. Wainwright*, 512 F. Supp. 948, 954 (N.D. Fla. Apr. 15, 1981) (finding injunctive relief was inappropriate because inmate had no evidence of retaliation against him, during his lawsuit, for the filing of his lawsuit).

   Accordingly, the Court finds Plaintiff has failed to carry his burden of persuasion on the element that he will suffer an imminent, irreparable injury if injunctive relief does not issue. Because Plaintiff has failed to meet his burden on this element, the other elements for injunctive relief will not be discussed. *Jefferson County*, 720 F.2d at 1519 (finding a preliminary injunction was properly denied where movant failed to meet the burden of persuasion on one factor because movant bore burden of

persuasion on each of the four factors).

Another reason for denying Plaintiff's motion is "obey-the-law" injunctions are unenforceable. *Florida Ass'n of Rehabilitation Facilities, Inc. v. Florida Dept. of Health & Rehabilitative Services,* 225 F.3d 1208, 1222 (11th Cir. 2000). As best the Court can surmise, Plaintiff seeks a restraining Order requiring Defendants to follow the law. Rule 65(d) of the Federal Rules of Civil Procedure requires a restraining order to "be specific in its terms [and] describe in reasonable detail . . . the act or acts sought to be restrained." FED.R.CIV.P. 65(d). "This specificity requirement is necessary 'to protect those who are enjoined 'by informing them of what they are called upon to do or to refrain from doing in order to comply with the injunction or restraining order''. . . . Thus, an injunction must 'contain 'an operative command capable of enforcement.''" *Burton v. City of Belle Glade,* 178 F.3d 1175, 1200 (11th Cir. 1999) (citations omitted). Inasmuch as Plaintiff appears to be seeking a restraining order requiring Defendants to obey the law, i.e., do not retaliate against Plaintiff for filing this action, any order devised by the Court would merely be a general order for Defendants to follow the law and , therefore, would be unenforceable. Furthermore, the Court notes that a transfer may occur for a legitimate reason rather than in retaliation.

III.  <u>Conclusion</u>.

Therefore, based upon the foregoing reason, it is recommended that Plaintiff's Motion (Doc. 3) be denied.

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 21st day of July, 2006.

                                                           s/BERT W. MILLING, JR.
                                                           UNITED STATES MAGISTRATE JUDGE